Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
3150 Montrose Ave.
La Crescenta, Ca. 91214
Tel.818.249.5291
FAX 818.249.4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Mark Watson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARK WATSON, an Individual;

    Plaintiff,

vs.

U.S. BANK is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; and DOES 1-10, Inclusive,

    Defendants.

Case No.:

**COMPLAINT FOR DAMAGES:**

1. FAIR CREDIT REPORTING ACT.

**JURY TRIAL DEMANDED.**

Plaintiff alleges:

1. Plaintiff MARK WATSON ("Plaintiff") resides in Temecula, State of California.

2. Defendants EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"), is a business entity, form unknown, doing business in the State of California as a credit bureau which receives negative credit information about

consumers and which then publish such information in credit reports available to its subscribers. U.S. BANK ("USBANK") is a bank holding company specializing in credit cards which, among other activities reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

3. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to reinsert accounts of plaintiff that were removed in error even after plaintiff has notified them of the inaccurate information, this inaccurate information has resulted in a lower credit score and in higher monthly mortgage payments.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein,

COMPLAINT FOR DAMAGES

1  whether by a named Defendants or fictitiously named Defendants or otherwise,
2  was expressly authorized or ratified, as these terms are used in California Civil
3  Code Section 3294(b), by each and every other Defendant herein, whether named
4  or fictitiously named.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EQUIFAX, who is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about June 8, 2011, Plaintiff was granted a Bankruptcy 7 discharge under section 727 of title 11, United States Code, (Bankruptcy Code). This bankruptcy included two USBANK accounts: #4798xxxx9159 and #4798xxxx5128.

9. On or about January 2014, Plaintiff discovered that the USBANK accounts were missing the "included in bankruptcy" designation on his EQUIFAX credit report. The absence of this wording led one to believe that Plaintiff still owed the debt on these two accounts and that he was 120 days past due when in fact the debt was discharged in bankruptcy on June 8, 2011.

10. On or about February 20, 2014, Plaintiff sent correspondence to EQUIFAX requesting that they investigate his account and add the "included in bankruptcy discharged on June 8, 2011" language. Plaintiff enclosed a copy of his

bankruptcy discharge judicial order and list of creditors (Schedule F) to assist them in their investigation.

11. On or about March 9, 2014, Plaintiff received the results of EQUIFAX'S investigation. The result was that the missing language was still missing.

12. Defendants, USBANK and EQUIFAX have refused, despite Plaintiff's phone calls and letters requesting that his USBANK accounts #4798xxxx9159 and #6798xxxx5128 report correctly with the appropriate "included in bankruptcy discharged on June 8, 2011" language on his EQUIFAX credit report.

13. Plaintiff complied with all requests of each of the Defendants to provide information in order to have his USBANK account appear with the appropriate bankruptcy language on his EQUIFAX credit report. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

14. Within the two years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement

corrective actions once the outcome of such investigations were known, or should have been known, to the defendants.

15. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

16. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

WHEREFORE, Plaintiff prays for judgment as follows:
1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;
4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For such other relief as the court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL

Dated: May 13, 2014          LAW OFFICES OF ROBERT F. BRENNAN, A P.C.

By: _____
Robert F. Brennan
Attorney for Plaintiff